**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| RANDALL L. HAMPTON ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 11-1386 |
| v. ) | JURY TRIAL DEMAND |
| ) | |
| CITY OF JACKSON, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This is an employment discrimination action seeking relief as authorized by Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), codified at 42 U.S.C. § 2000(e) *et. seq.*, the Age Discrimination in Employment Act of 1967 (the "ADEA"), and the Tennessee Human Rights Act (the "THRA"). Plaintiff further invokes the pendent jurisdiction of this Court to hear and determine claims arising under state law. All of the actions complained of herein occurred in Madison County, Tennessee, within the jurisdiction and venue of this Court.

**II. PARTIES**

2. Plaintiff, Randall L. Hampton, is and was at all times relevant to the matters at issue a resident of Madison County, Tennessee, and was at all relevant times hereto, an "employee" of the Defendants, as that term is defined by Title VII, the ADEA, and the THRA.

3. Defendant, City of Jackson, is a duly incorporated municipality under the laws of the State of Tennessee located in Madison County, Tennessee, and was at all relevant times hereto an employer as that term is defined in § 701(b), (g), and (h), of Title VII, 42 U.S.C. §

2000(e)(b), *et. seq.*, the ADEA, and the THRA.  The agent for service of process is Mayor Jerry Gist and can be served with legal process at 121 E. Main Street, Suite 301, Jackson, Tennessee 38301.

### III.  EXHAUSTION OF REMEDIES

4. Prior to instituting this action, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission pursuant to § 706(e) of Title VII, 42 U.S.C. § 2000(e-5)(e), and the Age Discrimination in Employment Act of 1967, as amended, and received a right to sue letter within 90 days of filing this lawsuit.

### IV.  FACTS

5. Plaintiff, Randall L. Hampton (hereinafter "Plaintiff"), is a 56 year old male, who began his employment as a police officer with Defendant City of Jackson in 1985 as a patrol officer.  Throughout his employment, Plaintiff has been an exemplary employee and officer and has been promoted to his current rank of Lieutenant.  In 1996, Plaintiff became a licensed attorney in the State of Tennessee and has maintained an active license since that time.

6. In early 2008, Plaintiff notarized a Charge of Discrimination that a female co-worker, Debbie Stanfill, was filing with the Tennessee Human Rights Commission claiming sex discrimination and sexual harassment.  At no time did Plaintiff act as an attorney on behalf of Ms. Stanfill or advise her regarding her claim.

7. Plaintiff was subsequently called into a meeting with an attorney representing the City regarding Ms. Stanfill's Charge and asked about his knowledge of the discrimination/sexual harassment that she had alleged in her charge.  At that time Plaintiff told the attorney that he was aware that, for many years, there were many problems with the way females at the department

were treated.

8. After notarizing the Charge form and talking to the attorney Plaintiff began to be subjected to hostile treatment by his supervisors and co-workers related to the statements he had given the attorney and his perceived assistance to Ms. Stanfill with her charge of discrimination. He was given extra, onerous job assignments, in addition to his regular job duties, in retaliation for his truthful statements to the attorney regarding the discrimination/sexual harassment of the female officers and for his perceived assistance to Ms. Stanfill with her Charge of Discrimination. These extra job duties and the hostile environment are ongoing.

9. Sometime thereafter, Plaintiff learned that the position of legal advisor for the Department had become available and he let it be known that he was interested in the position. Even though Plaintiff was the most qualified candidate for the position, in July of 2009 the position was given to a younger, less experienced, and less qualified individual. Plaintiff was advised by then Police Chief Rick Staples (now retired) that he had not been given the position because of his statement to the attorney regarding Ms. Stanfill's claims of discrimination/sexual harassment and his perceived support of her Charge of Discrimination in violation of his rights under Title VII and the THRA.

10. On August 11, 2010, the Defendant posted a newly created position of Administrative Lieutenant for which Plaintiff applied. The position, as posted, required an individual with a Bachelors degree, however, the position was filled on September 4, 2010, with a less qualified individual with only a high school diploma. Plaintiff avers that he was not given the position as part of the ongoing retaliation against him because of his statement to the attorney regarding Ms. Stanfill's claims of discrimination/sexual harassment and his perceived support of

her Charge of Discrimination in violation of his rights under Title VII and the THRA.

11.     The Defendant also has, especially in the Police Department, an ongoing policy and a pattern and practicing of discriminating against and attempts to get rid of the older employees like the Plaintiff.  Plaintiff avers that the decision to give the legal advisor or Administrative Lieutenant position to younger, less qualified employees was in whole or in part motivated by this policy of discrimination against older employees in violation of his rights under the ADEA and the THRA.

## V.  CAUSES OF ACTION

### COUNT I

### TITLE VII

12.     Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

13.     Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, were in retaliation for his truthful statements to the attorney regarding the discrimination/sexual harassment of the female officers and for his perceived assistance to Ms. Stanfill with her Charge of Discrimination in violation of his rights secured under Title VII.

14.     Plaintiff further avers that the unlawful employment practices complained of herein were a part of a pattern and practice of discrimination and retaliation against employees asserting or supporting individuals with claims of discrimination against the Defendant and were intentional and/or done with reckless indifference to his employment rights secured under Title VII.

## COUNT II

## THE ADEA

15. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

16. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendants, discriminated against him on the basis of his age and in violation of his rights secured under the ADEA and the THRA.

17. Plaintiff further avers that the unlawful employment practices complained of herein were part of a pattern and practice of discrimination and retaliation against older employees of the Defendant and were willful, intentional, and malicious and/or done with reckless indifference to his employment rights secured under the ADEA and the THRA.

## COUNT III

## TENNESSEE HUMAN RIGHTS ACT

18. Plaintiff incorporates by reference the factual statements contained in the above paragraphs of the Complaint.

19. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, were in retaliation for his truthful statements to the attorney regarding the discrimination/sexual harassment of the female officers and for his perceived assistance to Ms. Stanfill with her Charge of Discrimination in violation of his rights secured under the THRA.

20. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendant, discriminated against him on the basis of his age and in violation of his rights secured under the THRA.

21.     Plaintiff further avers that the unlawful employment practices complained of herein were a part of a pattern and practice of discrimination and retaliation against employees asserting or supporting individuals with claims of discrimination against the Defendant intentional and/or done with reckless indifference to his employment rights protected by the Tennessee Human Rights Act.

## VI.  DAMAGES

22.     The unlawful employment practices complained of herein caused Plaintiff to suffer severe emotional distress, humiliation, inconvenience and embarrassment, as well as the loss of increased pay and the benefits associated with the position of legal advisor and/or Administrative Lieutenant and he has had to retain legal counsel to defend and prosecute his rights.

23.     The unlawful employment practices complained of herein were willful, malicious, intentional and/or done with reckless indifference to his employment rights protected by Title VII and/or the ADEA and/or the Tennessee Human Rights Act.

## VII.  PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court:

a.     Declare the Defendants' practices, as complained of herein, to be in violation of Title VII of the Civil Rights Act of 1964, as amended, and/or ADEA and/or the Tennessee Human Rights Act;

b.     Grant Plaintiff an injunction prohibiting Defendants, its agents, employees, and successors from further discriminating or retaliating against Plaintiff on account of his age, and

for exercising his rights under Title VII of the Civil Rights Act of 1964 and/or ADEA and/or the Tennessee Human Rights Act;

  c. Grant Plaintiff an Order requiring Defendants to make him whole by appropriate back pay, front pay, and all other benefits of employment lost as a result of the actions complained of herein;

  d. Grant Plaintiff any compensatory and/or punitive damages to which he is entitled to under the above Title VII of the Civil Rights Act of 1964 and/or ADEA and/or the Tennessee Human Rights Act as a result of the actions complained of herein, including but not limited to damages for severe embarrassment, humiliation, and emotional distress;

  e. Grant Plaintiff liquidated damages as authorized by the ADEA for the Defendants intentional, willful and/or malicious discrimination because of the Plaintiff's age.

  f. Grant Plaintiff a trial by jury;

  g. Grant Plaintiff his costs incurred herein, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 and/or the Tennessee Human Rights Act;

  h. Grant Plaintiff such other further relief both general and specific as the Court deems necessary and proper in this case.

         Respectfully submitted,

         WEINMAN & ASSOCIATES


          /s/ Michael L. Weinman_____
         Michael L. Weinman (#015074)
         *Attorney for Plaintiff*
         P.O. Box 266
         Jackson, TN 38302
         (731) 423-5565
         mike@weinmanandassoc.com